TEXAS & P. RY. CO. v. PRATER.

(Circuit Court of Appeals, Fifth Circuit. December 6, 1910.)

No. 2,084.

MASTER AND SERVANT (§ 286*)—ACTION FOR INJURY TO SERVANT—QUESTIONS FOR JURY.

Evidence considered, in an action by a locomotive engineer against the railroad company to recover for an injury received in a collision between his engine and a caboose standing on the track without carrying a rear light, and *held* sufficient to warrant the submission of the case to the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1010-1050; Dec. Dig. § 286.*]

In Error to the Circuit Court of the United States for the Northern District of Texas.

Action at law by C. C. Prater against the Texas & Pacific Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Geo. Thompson, for plaintiff in error.
C. R. Bowlin, for defendant in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. After analyzing the evidence and citing adjudged cases, counsel for plaintiff in error submits his contention on this writ as follows:

"We place our prayer for reversal of this cause upon the broad principle that, admitting the servants of the railroad company were negligent with reference to failing to have the light from the rear end of the standing caboose, yet, taking the undisputed evidence and in connection with the physical facts, the court should have instructed or held that Prater was guilty of contributory negligence in permitting his engine to come in contact with said standing caboose, and instructed the jury that on account of such contributory negligence and acts he was not entitled to recover; and, having failed in this respect, a new trial should have been granted as a matter of law upon the evidence."

From our examination of the record, we fail to find "the undisputed evidence" which "in connection with the physical facts" shows that Prater was guilty of contributory negligence. Certain it is that Prater and his witnesses testify that, on passing the western yard-limit board at Thurber station, he put his train under control, as "putting under control" is defined by the witnesses; that Prater expected, and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

had some right to expect, that any car or engine standing, at dark or after, on the main track within the yard limits, would show a red light; that the time was after sundown and the skyline dark and cloudy; that there were hills along the track, and curves in the track, particularly one near the collision, which hindered Prater from seeing the unlighted caboose until within colliding distance.

As to the physical facts proved, mainly relating to distances and directions at which other parties could see what Prater says he did not see at the time of the collision, they may throw doubt upon Prater's evidence, but do not overthrow it as a matter of law. It may be that the result in this case is to award damages to a negligent engineer, whose carelessness contributed to his injury, and that such result is against the interest of the railroads, their employés, and the general traveling public; but this was a matter for the trial judge and jury, and is outside of our cognizance on this writ.

On the record it is our duty to affirm the judgment; and it is so ordered.